UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO RAMIREZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>Respondent. | No. 1:18-cv-00954-LJO-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is currently in state prison serving a life sentence for multiple sex crimes involving a minor. He has filed the instant habeas action challenging the conviction. As discussed below, the Court finds the claims to be without merit and recommends the petition be **DENIED.**

**I.   PROCEDURAL HISTORY**

On May 14, 2015, a Kings County jury found Petitioner guilty of the following counts involving a minor: Count 1, sexual intercourse or sodomy with a child under the age of ten years (Cal. Penal Code § 288.7(a)); Count 2, rape (Cal. Penal Code § 261(a)(2)); Counts 3-7, lewd and lascivious acts (Cal. Penal Code § 288(a)); and Count 8, dissuading a victim or witness (Cal. Penal Code § 136.1(b)(1)). People v. Perez, 2017 WL 3138619, at *1 (Cal. Ct. App. 2017). The jury further found true the enhancement attached to counts 1 and 2 for infliction of great bodily injury (Cal. Penal Code § 12022.8) and the special circumstance allegation attached to count 2

1

pursuant to the One Strike law (Cal. Penal Code § 667.61(j)(1)). Id. The court sentenced him to an aggregate prison term of 16 years 8 months plus life without the possibility of parole. Id.

Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). On July 25, 2017, the judgment was affirmed. Id. Petitioner filed a petition for review in the California Supreme Court, and the petition was denied on October 11, 2017. Id.

On July 5, 2018, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Respondent filed an answer on November 9, 2018. (Doc. 26.) Petitioner filed a traverse on December 3, 2018. (Doc. 28.)

## II. FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[1]:

> Victim A.C.'s mother and defendant began dating in April 2013. A.C. was eight years old. Approximately five months later, defendant moved into A.C.'s mother's two bedroom apartment. A.C. shared one bedroom with her mother and defendant, although she had a separate bed. A.C.'s older sister and her sister's boyfriend shared the second bedroom.
>
> In April 2014, A.C.'s mother took her to the doctor for a vaginal rash, which led to defendant's arrest shortly thereafter for the crimes in this case. Over several visits, A.C.'s doctor determined she had vaginal injuries consistent with penile penetration and she tested positive for a sexually transmitted disease (STD) that had been contracted within approximately four weeks of the time she complained of a rash. Defendant had symptoms of the STD, which he contracted from A.C.'s mother, around the time of A.C.'s exposure.
>
> During trial, A.C. testified she was nine years old when defendant first touched her inappropriately. She testified defendant touched her vagina on a number of occasions, both over and under her clothes. She also testified he licked her breasts, and "he put his private in [her] private" and "in [her] butt." In a recorded interview that was conducted as part of her SART examination and played for the jury, A.C. stated defendant's private was in her private on two occasions. 2 She stated her private hurt the first time and the second time, her private hurt inside and she went to the school nurse.

Perez, 2017 WL 3138619, at *1-2.

///

///

---

[1] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

# III. DISCUSSION

## A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

## B. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that

an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding that the Brecht standard applies whether or not the state court recognized the error and reviewed it for harmlessness).

C.  Review of Petition

Petitioner raises one claim in this petition: he alleges the trial court violated his constitutional rights by using the instruction on victim-witness corroboration. He raised this same claim on direct appeal. In the last reasoned decision, the California Court of Appeal denied the claim as follows:

**I.    Instructional Error**

**A. Background**

Pursuant to CALCRIM No. 301, the trial court instructed the jury, "The testimony of only one witness can prove any fact. Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence." It then instructed the jury pursuant to CALCRIM No. 1190, which provides, "Conviction of a sexual assault crime may be based on the testimony of a complaining witness alone."

Defendant contends it was error for the court to read both instructions to the jury, as the instructions had the effect of "propping up the testimony of a complaining witness" and "improperly lighten[ed] the prosecutor's burden of proof," in violation of the due process clause. Defendant also appears to suggest the instruction may have violated his rights under the Sixth Amendment.

The People respond that defendant's failure to object during trial forfeits the claim on appeal and the claim fails on its merits pursuant to the California Supreme Court's decision in *Gammage*.

**B. Forfeiture**

The failure to object to jury instructions at trial generally forfeits the issue on appeal (*People v. Capistrano* (2014) 59 Cal.4th 830, 875, fn. 11), and "[a] trial court has no sua sponte duty to revise or improve upon an accurate statement of law without a request from counsel" (*People v. Lee* (2011) 51 Cal.4th 620, 638). There is an exception, however, if the error complained of "affected the substantial rights of the defendant" (§ 1259) and, here, defendant challenges the instructions on grounds of federal constitutional error (*People v. Johnson* (2016) 62 Cal.4th 600, 638–639).

Defendant acknowledges the California Supreme Court upheld substantially similar instructions in *Gammage* and he fails to identify any basis under which *Gammage* would not apply, constitutional or otherwise. Therefore, we conclude the claim is forfeited. In any event, we find the claim lacks merit, discussed *post*. (*People v. Johnson, supra*, 62 Cal.4th at p. 639.)

**C. No Error**

**1. Standard of Review**

Trial courts have a sua sponte duty to instruct "'on those general principles of law that are closely and openly connected with the facts before the court and necessary for the jury's understanding of the case.'" (*People v. Simon* (2016) 1 Cal.5th 98, 143, citing *People v. Price* (1991) 1 Cal.4th 324, 442; *People v. Cruz* (2016) 2

5

Cal.App.5th 1178, 1183.) We review defendant's claim of instructional error de novo. (*People v. Guiuan* (1998) 18 Cal.4th 558, 569; *People v. Cruz, supra*, at p. 1183.)

**2. Analysis**

As defendant indicates, in some instances instructional error rises to the level of federal constitutional error. (E.g., *Sullivan v. Louisiana* (1993) 508 U.S. 275, 277–278; *Cage v. Louisiana* (1990) 498 U.S. 39, 41, disapproved on another ground in *Estelle v. McGuire* (1991) 502 U.S. 62, 72, fn. 4; *People v. Cage* (2015) 62 Cal.4th 256, 285.) In the context of Fifth and Sixth Amendment violations, the United States Supreme Court has explained, "The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty without 'due process of law'; and the Sixth, that 'in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.' We have held that these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." (*United States v. Gaudin* (1995) 515 U.S. 506, 509–510, fn. omitted.)

We find defendant's claim of federal constitutional error unavailing. The California Supreme Court has unequivocally rejected the same instructional challenge defendant advances in this case. (*Gammage, supra*, 2 Cal.4th at pp. 700–702.)

In *Gammage*, the court held that the instructions challenged here by defendant "correctly state the law" and "it is proper for the trial court to give [both] in cases involving sex offenses." [FN 3.] (*Gammage, supra*, 2 Cal.4th at pp. 700, 702; accord, *People v. Adames* (1997) 54 Cal.App.4th 198, 210 (*Adames*).) While the court agreed the two instructions overlap, it concluded one focused on the fact finding process and the other was a substantive rule of law. It explained, "The jury is instructed that the prosecution must prove its case beyond a reasonable doubt. This places a heavy burden of persuasion on a complaining witness whose testimony is uncorroborated. CALJIC No. 10.60 does not affect this instruction but ... when all the instructions are given, 'a balance is struck which protects the rights of both the defendant and the complaining witness.'" (*Gammage, supra*, at p. 701.)

> [FN 3.] In *Gammage*, the trial court instructed the jury with CALJIC No. 2.27, which provided, "'Testimony as to any particular fact which you believe given by one witness is sufficient for the proof of that fact. However, before finding any fact required to be established by the prosecution to be proved solely by the testimony of such a single witness, you should carefully review all the testimony upon which the proof of such fact depends.'" (*Gammage, supra*, 2 Cal.4th at p. 696.) It also instructed the jury with CALJIC No. 10.60, which at the time of the trial was CALJIC No. 10.21, as follows: "'It is not essential to a conviction of a charge of rape that the testimony of the witness with whom sexual intercourse is alleged to have been committed be corroborated by other evidence.'" (*Gammage, supra*, at pp. 696–697.) CALCRIM Nos. 301 and 1190, used in this case, are counterparts to CALJIC Nos. 2.27 and 10.60.

As well, we reject any suggestion that reading the instructions back to back somehow distinguishes defendant's trial from that at issue in *Gammage*. The jury was instructed to consider all the instructions together and cautioned not to conclude that any repeated instructions were more important than others. The jury is presumed to have "understood and followed the court's instructions." (*People v. Jackson*

6

(2016) 1 Cal.5th 269, 352.)

Finally, we decline defendant's invitation to reconsider this instructional issue based on the passage of time. (*Gammage, supra*, 2 Cal.4th at p. 701; *Adames, supra*, 54 Cal.App.4th at p. 210.) In *Gammage*, the court stated, "[E]ven if we were to assume, which we do not, that all juries are aware of the no-corroboration requirement, or would glean it from [CALCRIM No. 301] itself, *no harm is done in reminding juries of the rule*." (*Gammage, supra*, at p. 701, italics added.) Instructions that were of no harm 25 years ago do not become harmful simply because time has passed. Moreover, we are not free to disregard California Supreme Court precedent. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 197–198.) Accordingly, we reject defendant's claim of instructional error.

Perez, 2017 WL 3138619, at *2–3.

1. Procedural Default.

As noted above, the state court found that Petitioner had forfeited his claim by failing to object to the instructions at trial. Respondent argues that Petitioner's claim is thus procedurally defaulted, and this Court agrees.

A federal court will not review a claim of federal constitutional error raised by a state habeas petitioner if the state court determination of the same issue "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule also applies when the state court's determination is based on the petitioner's failure to comply with procedural requirements, so long as the procedural rule is an adequate and independent basis for the denial of relief. Id. at 730. For the bar to be "adequate," it must be "clear, consistently applied, and well-established at the time of the [ ] purported default." Fields v. Calderon, 125 F.3d 757, 762 (9th Cir. 1997). For the bar to be "independent," it must not be "interwoven with the federal law." Michigan v. Long, 463 U.S. 1032, 1040-41 (1983). If an issue is procedurally defaulted, a federal court may not consider it unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 749-50.

In Melendez v. Pliler, 288 F.3d 1120, 1125 (9th Cir. 2002), the Ninth Circuit held that California's contemporaneous objection doctrine is clear, well-established, and has been consistently applied when a party has failed to make any objection to the admission of evidence.

In <u>Vansickel v. White</u>, 166 F.3d 953 (9th Cir. 1999), the Ninth Circuit held that the contemporaneous objection bar is an adequate and independent state procedural rule. Here, Petitioner did not challenge the instructions at trial. Thus, the claim is procedurally defaulted and should be dismissed. In any case, as discussed below, the claims are without merit.

   2. <u>Analysis of Claim.</u>

Respondent correctly argues that Petitioner fails to present a federal claim, since Petitioner is challenging the application and interpretation of state law. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Although Petitioner attempts to claim a violation of his constitutional rights, he does not point to any federal authority which holds that the instruction complained of herein violates the Constitution. Rather, he challenges the state court's interpretation and application of CALCRIM Nos. 301 and 1190. Such challenge does not give rise to a federal question cognizable on federal habeas review. <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Thus, the claim is not cognizable on federal habeas and should be rejected.

Even if the Court finds the claim cognizable, it is without merit. To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See <u>Estelle</u>, 502 U.S. at 72; <u>Cupp v. Naughten</u>, 414 U.S. 141, 147 (1973); <u>see also</u> <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974) ("'[I]t must be established not merely that the instruction is undesirable, erroneous or even "universally condemned," but that it violated some [constitutional right].'"). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. See <u>Estelle</u>, 502 U.S. at 72. In other words, the court must evaluate jury instructions in the context of the overall charge to the jury as a

component of the entire trial process.  United States v. Frady, 456 U.S. 152, 169 (1982) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977)); Prantil v. California, 843 F.2d 314, 317 (9th Cir. 1988); see, e.g., Middleton v. McNeil, 541 U.S. 433, 434–35 (2004) (per curiam) (no reasonable likelihood that jury misled by single contrary instruction on imperfect self-defense defining "imminent peril" where three other instructions correctly stated the law).

In addition, a habeas petitioner is not entitled to relief unless the instructional error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).  In other words, state prisoners seeking federal habeas relief may obtain plenary review of constitutional claims of trial error, but are not entitled to habeas relief unless the error resulted in "actual prejudice."  Id. (citation omitted); see Calderon v. Coleman, 525 U.S. 141, 146–47 (1998).

Petitioner's claim does not merit relief.  He fails to establish that the trial court's inclusion of both CALCRIM Nos. 301 and 1190 violated California law, let alone the Constitution.  As noted by the appellate court, the instructions correctly stated the law.  They were not redundant since one focused on the fact-finding process whereas the other stated a substantive rule of law.  Petitioner fails to establish that the state court's determination was contrary to or an unreasonable application of Supreme Court authority.  The claim should be denied.

## IV.    RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice on the merits.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten court days  after service of the Objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 11, 2018**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE